**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4320**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OLUGBENGA KAMORU,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District
Judge. (8:07-cr-00231-AW-1)

Submitted: March 18, 2009        Decided: April 10, 2009

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher M. Davis, Mary E. Davis, DAVIS & DAVIS, Washington,
D.C., for Appellant. Rod J. Rosenstein, United States Attorney,
Jonathan C. Su, James A. Crowell, IV, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olugbenga Kamoru appeals from his convictions for bank fraud and money laundering, in violation of 18 U.S.C. §§ 1344 and 1956(a)(1)(B)(i) (2006). On appeal, Kamoru challenges the district court's decision to admit a letter from his attorney into evidence and contends the district court's answer to the jury's question regarding the jury instructions was incomplete.

"A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). This court "will find that discretion to have been abused only when the district court acted 'arbitrarily or irrationally.'" Id. (quoting United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993)).

"Under Federal Rule of Evidence 403, relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.'" United States v. Myers, 280 F.3d 407, 413 (4th Cir. 2002). "Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996). Rule 403 requires excluding evidence "only in those instances where the trial judge believes that there is a genuine

2

risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." United States v. Van Metre, 150 F.3d 339, 350 (4th Cir. 1998) (internal quotation omitted).

In our review, we "must look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Udeozor, 515 F.3d 260, 265 (4th Cir. 2008) (internal quotation omitted). Applying these standards, we conclude that the district court did not abuse its discretion in admitting the letter into evidence.

Kamoru next argues the district court erred by insufficiently answering a question from the jury. He believes the district court should have provided further instruction regarding the unanimity requirement. We review a district court's decision to respond to a jury's question, and the form of that response, for abuse of discretion. United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). "[I]n responding to a jury's request for clarification on a charge, the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." Id. Our review of the jury's question, the argument of counsel, and the court's response convinces us that the district court

3

responded fairly and accurately, and thus did not abuse its discretion in answering the jury's question.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED